**PPG INDUSTRIES, INC., Plaintiff,**

v.

**SYSTONETICS, INC., Defendant.**

**Civ. A. No. 85–0598.**

United States District Court,
W.D. Pennsylvania.

Aug. 7, 1985.

1162

Charles W. Kenrick, Dickie McCamey &
Chilcote, P.C., Pittsburgh, Pa., for plaintiff.

Thomas A. Pistone, Newport Beach, Cal.,
W. Gregg Kerr, Ray C. Stoner, Pittsburgh,
Pa., for defendant.

## OPINION

MENCER, District Judge.

PPG Industries, Inc., a Pennsylvania corporation having its principal place of business in Pittsburgh, Pennsylvania, brought this action in the Western District of Pennsylvania against Systonetics, Inc., a California corporation having its principal place of business in Fullerton, California. Subject matter jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332(a)(1) which grants district courts original jurisdiction over all civil actions where the amount in controversy exceeds $10,000 and the parties are citizens of different states.

PPG Industries, Inc. [hereinafter PPG] filed its complaint on March 13, 1985, alleging in Count I Breach of Contract and Breach of Express and Implied Warranty, in Count II Negligent and Intentional Misrepresentation, and in Count III Negligence, all in connection with the purchase of certain computer equipment and technology from Systonetics, Inc. [hereinafter Systonetics].

Presently before the Court is a Motion filed by the defendant to Transfer, Stay or Dismiss this action. Both PPG and Systonetics have submitted briefs and affidavits in support of their respective positions. We will first consider defendant's motion to transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a).[1]

### VENUE

The defendant does not contend that PPG chose a venue which is technically improper. For a diversity case like this one, Section 1391(a) of Title 28 United States Code provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may ... be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." Venue is entirely proper under section 1391(a) in the Western District of Pennsylvania wherein the plaintiff resides.

■ The determination of whether to transfer a case is one within the sound discretion of the Court. In reaching its determination, the Court must keep in mind the convenience of transfer and the fairness of such a transfer. The purpose of section 1391(a) as interpreted by the United States Supreme Court is to prevent the waste "of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense...." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964), *citing Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26, 27, 80 S.Ct. 1470, 1474, 1475, 4 L.Ed.2d 1540 (1960).

■ The burden is on the moving party to establish facts supporting a motion to transfer. A balancing of proper interests must weigh heavily in favor of the transfer. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). Four factors to be weighed by this Court are: (1) plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; and (4) practical considerations which will make trial of a case easy, expeditious and inexpensive. *Erie Press Systems v. Shultz Steel Co.*, 548 F.Supp. 1215 (W.D.Pa.1982).

Before examining the four factors, we must first determine whether the proposed transferee district is one where the action "might have been brought." In the present case, the Central District of California is a proper district wherein this action might have been brought by PPG, pursuant to §§ 1391(a) and (c), since Systonetics resides in Fullerton, California, which is within the Central District of California. Thus, the threshold requirement

---

1. 28 U.S.C. § 1404(a) provides:
   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

**1164**

under § 1404(a), that the action "might have been brought" in the Central District of California, has been satisfied.

■ We will turn now to the four factors to be considered by the Court when making its determination of whether or not to transfer this case. First, this Court gives great weight to the plaintiff's legally sound choice of filing this lawsuit in the Western District. *Shutte v. Armco Steel Corp., supra.*

Second, in considering relative ease of access to sources of proof, the customized software purchased from Systonetics by PPG allegedly failed to perform satisfactorily in Pittsburgh, Pennsylvania. Although substantially all preparation programming and implementation of the software was performed over a period of two years at Systonetics' headquarters in Fullerton, California, numerous documents relevant to this litigation are also located in Pittsburgh. This Court is of the view that the parties' contentions are equal with respect to this factor.

The defendant has not carried its burden on the third factor, the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses. Although Systonetics has mentioned the names of a former PPG employee and several former Systonetics employees who were involved in the development of PPG's customized software and who are currently California residents, it has failed to make the necessary statements concerning what their testimony will cover or demonstrate the materiality of such evidence such that this Court may properly balance the parties' interests. *Follansbee Metals Co., Inc. v. John T. Clark & Son of N.H., Inc.,* 387 F.Supp. 574, 581 (W.D.Pa.1974). In fact, the plaintiffs have submitted an affidavit indicating that at least three of the witnesses listed by Systonetics as former employees of Systonetics who currently reside in California, would have testimony favorable to PPG.

■ The fourth factor, practical considerations which will make trial of a case

easy, expeditious and inexpensive, does not weigh in favor of transfer. The fact that this case may proceed to trial two or three months more quickly in the Central District of California does not justify its transfer. Witnesses for the parties are located in both states, and activities giving rise to this lawsuit occurred in both California and Pennsylvania. This Court may consider the relative financial strength of the parties. Although Systonetics employs less than 100 full-time employees, it is financially able to defend the case in the Western District of Pennsylvania. A transfer to the Central District of California would merely shift the inconvenience from Systonetics to PPG.

■ A party's choice of forum should not be lightly disturbed. After consideration of all factors, the Court is of the view that the balancing of proper interests does not weigh heavily in favor of transfer. Thus, the defendant has failed to carry its burden and the Motion to Transfer will be denied.

As the action filed by Systonetics in the Central District of California was dismissed by that court on the basis of the "first to file" rule, defendant's Motion to Stay this action pending its resolution is moot.

IN PERSONAM JURISDICTION

■ Having affirmatively answered the question of whether venue is proper in the Western District of Pennsylvania, we turn now to a discussion of whether in personam jurisdiction exists over the defendant in Pennsylvania. In a diversity action, the amenability of a foreign corporation to suit is determined by the law of the forum state. Pennsylvania's Long Arm Statute, 42 Pa.C.S.A. § 5322(b) provides that "jurisdiction ... shall extend to all persons ... to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States."

The Court in *Proctor & Schwartz v. Cleveland Lumber Co.,* 228 Pa.Super. 12, 323 A.2d 11, 15 (Pa.Super.1974) articulated

a three-step analysis to determine whether sufficient contacts are present for the exercise of jurisdiction: (1) the defendant must have purposefully availed itself of the privilege of acting within the forum state thereby invoking the benefits of its law; (2) the cause of action must arise out of the defendant's conduct within the forum state; and (3) the defendant must have substantial connection with the forum state to make the exercise of jurisdiction reasonable. We will apply the three-step analysis to determine whether or not Systonetics has contacts with the Commonwealth of Pennsylvania sufficient for the exercise of jurisdiction. The plaintiff bears the burden of establishing sufficient facts to establish jurisdiction.

Some of the negotiations between PPG and Systonetics relative to the purchase of the customized software occurred in Pittsburgh, Pennsylvania. Prior negotiations and contemplated future consequences may be considered in evaluating whether Systonetics had sufficient minimum contacts with Pennsylvania. *Burger King Corp. v. Rudzewicz,* —— U.S. ——, ——, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985). In addition, the software was installed in Pennsylvania by Systonetic employees. The parties contemplated that the computer software would be installed in Pittsburgh. Therefore, the defendant could only have fulfilled its contract by entering Pennsylvania which, in fact, it did. Systonetics' prior negotiations and contemplated future conduct are sufficient to meet the requirements of *Proctor* and *Burger King.*

The second prong of the *Proctor* test has also been satisfied. The cause of action asserted by PPG arose out of the defendant's activities within Pennsylvania. The failure of the computer system to perform satisfactorily arises out of the negotiations and subsequent sale and installation of that same computer system in Pennsylvania.

Finally, the exercise of jurisdiction over Systonetics is reasonable as it does not violate notions of "fair play and substantial justice." Systonetics' previous contacts with this state and its ongoing relationship with the plaintiff leads us to conclude that a trial in Pennsylvania would not be unfair to the defendant. As the Supreme Court of the United States noted in *International Shoe:*

> to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations, and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue.

*International Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945).

After weighing the four factors in this case, this Court is of the view that Systonetics' acts have a substantial enough connection with the Commonwealth of Pennsylvania to make it reasonable for this court to assert jurisdiction over it. Systonetics knew that PPG was a Pennsylvania corporation due to its course of dealings with the corporation, and it could "reasonably foresee that its breach of this contract would have an impact on Pennsylvania commerce and inflict some degree of economic harm in the state." *Strick Corporation v. A.J.F. Warehouse Distributors, Inc.,* 532 F.Supp. 951, 960 (E.D.Pa.1982). An exercise of personal jurisdiction over the defendant in this case fully complies with the due process requirements of the United States Constitution.

An appropriate order will be issued.