James Edward ROSE, Jr., Plaintiff,

v.

**GRANITE CITY POLICE DEPART-MENT and City of Granite City, Illinois, Defendants.**

**Civ. A. No. 91–7477.**

United States District Court, E.D. Pennsylvania.

Jan. 4, 1993.

Plaintiff, pro se.

Brian Konzen, Asst. City Atty., Granite City, IL, for defendants.

## MEMORANDUM

HUYETT, District Judge.

Plaintiff James Edward Rose, Jr. is a resident of Pennsylvania and is proceeding *pro se* and *in forma pauperis*. Defendants are an Illinois municipality and its police department. Plaintiff claims that when he was arrested by Defendant Granite City Police Department in June 1987, it took possession of his 1974 Dodge motor home. Plaintiff alleges that the motor home was in good condition at that time, but that when another person went to claim the motor home on his behalf over one year later the motor home was vandalized and several valuable items in the vehicle were missing. Plaintiff contends that the damage to the motor home and the loss of the personal property from inside the motor home occurred while the vehicle was in the exclusive control of the police department and that Defendants failed to exercise proper control and authority over the vehicle to prevent the damage and the loss of personal property. Plaintiff's complaint can be read to allege subject matter jurisdiction based upon diversity of citizenship and amount in controversy. Plaintiff demands judgment against Defendants in the amount of $47,100 actual damages, plus punitive damages, interest, costs, and attorney's fees.

Defendants have filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), lack of personal jurisdiction, Fed. R.Civ.P. 12(b)(2), and improper venue, Fed. R.Civ.P. 12(b)(3). In response, Plaintiff maintains that he cannot put forth a response to Defendants' motion without documents that he requested from Defendants. Plaintiff moves the Court to stay its decision on Defendants' motion to dismiss until Defendants have complied with his request for documents.[1] The Court will deny Plaintiff's motion for a temporary stay and grant Defendants' motion to dismiss for the following reasons.

### I. Subject Matter Jurisdiction

Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a). Defendants contend that the Court lacks jurisdiction over the subject matter of this action because the matter in controversy does not exceed $50,000 exclusive of interest and costs. They point to Plaintiff's complaint which alleges actual damages of $47,100 and assert that the complaint fails to state a cause of action for punitive damages, and that even if it did, the Court may not consider punitive damages for purposes of determining whether the amount in contro-

---

1. Plaintiff has filed a motion for an extension of time and to compel Defendants to answer interrogatories and comply with his request for production of documents (Document No. 22).

versy meets the jurisdictional threshold. Defendants' Motion to Dismiss ¶ 1.

The Supreme Court has held that to justify dismissal "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount...." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). The general rule is that the party seeking to invoke the jurisdiction of a federal court has the burden of proving that the court has jurisdiction by showing that it does not appear to a legal certainty that the party's claim is for less than the jurisdictional amount. 14A Charles Alan Wright, et al., *Federal Practice and Procedure* § 3702, at 19 (2d ed. 1985) (citing cases).

Plaintiff has claimed actual damages of $47,100 plus an unspecified amount of punitive damages. Defendants' statement that punitive damages may not be considered for purposes of determining whether the amount in controversy meets the jurisdictional requirement is simply wrong. On the contrary, the rule is that punitive damages can be included to satisfy the amount in controversy requirement if, under the governing law of the suit, they are recoverable. *State Farm Mut. Auto. Ins. Co. v. Schambelan*, 738 F.Supp. 926, 929 n. 5 (E.D.Pa.1990); *Hamilton v. Hartford Accident & Indem. Co.*, 425 F.Supp. 224 (E.D.Pa.1977); *Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698, 701 (S.D.Miss.1988). Defendants allege that Plaintiff's complaint fails to state a cause of action for punitive damages, but they offer no factual or legal support for their position. On the other hand, Plaintiff has not offered any substantive response to Defendants' motion.

The Court declines to decide the issue of whether it lacks subject matter jurisdiction over this action. A court always possesses jurisdiction, or the power, to determine whether it has jurisdiction over the parties, *see* 13A Charles Alan Wright et al., *Federal Practice and Procedure*, § 3536, at 535 (2d ed. 1984); *In re Uranium Antitrust Litigation*, 480 F.Supp. 1138, 1151 (N.D.Ill.1979), and the Court determines

that it lacks jurisdiction over the persons of Defendants.

## II. Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction the plaintiff bears the burden to establish the court's jurisdiction over the defendants. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). A plaintiff must sustain his burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. A plaintiff may not rely on the bare pleadings alone in order to withstand dismissal. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61 (3d Cir.1984). Here, Plaintiff fails to provide the Court with affidavits or other evidence. Instead, he asks the Court for a temporary stay of a decision on the motion until he can obtain requested discovery from Defendants. A district court has discretion whether to hold in abeyance a decision on a motion to dismiss for lack of personal jurisdiction to enable a party to employ discovery on the jurisdictional issue. 5A Charles Alan Wright et al., *Federal Practice and Procedure*, § 1351, at 253–259 (2d ed. 1990). The Court chooses to exercise its discretion here and deny Plaintiff's motion requesting discovery because Plaintiff has failed to make even a threshold *prima facie* showing that the Court has jurisdiction over the persons of Defendants. *See Lehigh Valley Indus. Inc. v. Birenbaum*, 527 F.2d 87 (2d Cir.1975).

The *in personam* jurisdiction of this Court is coextensive with that of the Pennsylvania courts. Fed.R.Civ.P. 4(e). In Pennsylvania, jurisdiction over a person must be based upon 42 Pa.Cons.Stat.Ann. § 5301 (Supp.1992) (general jurisdiction) or 42 Pa.Cons.Stat.Ann. § 5322 (1981) (long-arm jurisdiction). The Court lacks jurisdiction over Defendants under section 5301. The Granite City Police Department and the City of Granite City are not incorporated or formed under the laws of the Commonwealth of Pennsylvania, they do not consent to jurisdiction, nor do they carry on

a continuous and systematic part of their general business within the Commonwealth of Pennsylvania. 42 Pa.Cons.Stat.Ann. § 5301(a) (Supp.1992).

■ Since the Court lacks general jurisdiction over Defendants under section 5301 the Court must turn to the Pennsylvania long-arm statute, section 5322, to determine whether the Court can exercise *in personam* jurisdiction over Defendants. This analysis involves two steps. First, the statute must give the Court authority to exercise jurisdiction over Defendants. Second, if the statute authorizes jurisdiction, the Court's exercise of that jurisdiction must fall within the constitutionally permissible limits of due process.

Section 5322(a) provides that a court may exercise jurisdiction over a person who performs any one of ten enumerated acts. The only possible bases for jurisdiction under the statute, viewing the allegations in the complaint as true, are the transacting business provision, section 5322(a)(1) and the causing harm or tortious injury in the Commonwealth by an act outside of the Commonwealth provision, section 5322(a)(4). According to Plaintiff's complaint, the Granite City Police Department mailed a notice to Plaintiff in the Commonwealth of Pennsylvania informing Plaintiff that unless he claimed his motor home within thirty days the police department would sell it. Complaint ¶ 13. The mailing of this one letter into the Commonwealth does not constitute transacting business within the meaning of section 5322(a)(1). Under section 5322(a)(4) a Pennsylvania court could exercise jurisdiction over a person if that person causes "harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth." 42 Pa.Cons.Stat.Ann. § 5322(a)(4) (1981). It is far from clear whether the acts alleged by Plaintiff against Defendants in the complaint could satisfy this provision. Even assuming, for the sake of argument, however, that the Court could exercise jurisdiction over Defendants pursuant to section 5322(a)(4), the Due Process Clause of the Fourteenth Amendment to the Constitution does not allow the Court to exercise jurisdiction over Defendants.

■ The Pennsylvania long-arm statute permits a court to assert personal jurisdiction over a defendant to the fullest extent allowed under the United States Constitution and jurisdiction may be based on the most minimum contact with the Commonwealth allowed under the Constitution. 42 Pa.Cons.Stat.Ann. § 5322(b) (1981). Accordingly, section 5322 is coextensive with the Due Process Clause of the Fourteenth Amendment. *Lynch v. New Jersey Auto. Full Ins. Underwriting Ass'n,* 762 F.Supp. 101, 103 (E.D.Pa.1991). To satisfy due process, a nonresident defendant must have sufficient contacts with the forum state so that allowing the action to go forward does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). A plaintiff may establish that a defendant has minimum contacts with the forum state by showing that the defendant "purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). In addition the Court may consider whether the cause of action arises from the defendant's activities within the forum state. *McGee v. International Life Ins. Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957). Finally, the Court should ask whether the acts of the defendant in the forum state were substantial enough to make the exercise of jurisdiction over the defendant reasonable. *International Shoe,* 326 U.S. at 317, 66 S.Ct. at 158. Consideration of these factors is designed to test whether the "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Other than mailing a notice to Plaintiff in Pennsylvania, Defendants have no jurisdictionally relevant contacts with Pennsylva-

nia to allow this Court to exercise jurisdiction over them. Defendants have not purposefully availed themselves of the privilege of conducting activities within Pennsylvania. Plaintiff's cause of action arises out of events that occurred in Illinois, not Pennsylvania. Defendants' lack of contacts with Pennsylvania are such that they could not reasonably anticipate being haled into this Court to defend against Plaintiff's allegations. The exercise of jurisdiction over them would be unreasonable and unconstitutional.

### III. Conclusion

Because Plaintiff has failed to make even a *prima facie* showing that the Court has personal jurisdiction over Defendants, the Court will deny Plaintiff's motion for a temporary stay of a decision on Defendants' motion to dismiss. Because Defendants lack sufficient minimum contacts with Pennsylvania, allowing Plaintiff's action to go forward would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The Court lacks jurisdiction over the persons of Defendants and will therefore grant Defendants' motion to dismiss.