NATIONAL PAINTBALL SUPPLY, INC.,

v.

Larry COSSIO and Marcela Cossio, d/b/a
National Paintball Association.

No. CIV. A. 97–3865.

United States District Court,
E.D. Pennsylvania.

March 12, 1998.

---

Daniel A. Monaco, Seidel, Gonda, Lavorgna and Monaco, P.C., Philadelphia, PA, for Plaintiff.

C. Colin Cossio, San Diego, CA, for Defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

By way of the instant motion, Defendants Larry and Marcela Cossio, doing business as National Paintball Association, seek to have the complaint against them dismissed for lack of *in personam* jurisdiction and/or insufficient venue pursuant to Fed.R.Civ.P. 12(b)(2). Alternatively, defendants ask that this action be transferred for improper venue and convenience to the U.S. District Court for the Southern District of California. For the reasons which follow, the motions shall be denied.

### Statement of Facts

Plaintiff, National Paintball Supply, Inc. ("NPS") is a New Jersey corporation with its principal place of business located at 670 Route 45 in Mantua, New Jersey. NPS is in the business of distributing paintball guns, gear and related accessories for use in the sport of paintball. (Pl's Complaint, ¶ s1, 11, 14).[1] Defendants Larry and Marcela Cossio are California residents who are in the business of selling insurance to paintball field owners, store owners, tournament sponsors and team members under the title of National Paintball Association ("NPA"). (Pl's Complaint, ¶ s3, 24–25).

Plaintiff claims that in operating under and using the name "National Paintball Association," defendants have infringed upon its name and service mark in violation of, *inter alia*, the Lanham Act, 15 U.S.C. § 1125, *et. seq.*, federal common law and Pennsylvania statutory and common law. (Pl's Complaint, ¶ s5, 26–31). Jurisdiction is premised upon the fact that both plaintiff and defendants, "upon information and belief, do business in Pennsylvania, including in the Eastern District of Pennsylvania." (Pl's Complaint, ¶ s 4–7).

### Standards Governing Rule 12(b)(2) Motions

A defendant bears the initial burden of raising lack of personal jurisdiction because it is a waivable defense under Fed.R.Civ.P. 12(h)(1). *Clark v. Matsushita Electric Industrial Co., Ltd.*, 811 F.Supp. 1061, 1064 (M.D.Pa.1993). In deciding a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint are taken as true; however, once the defense is raised, the burden shifts to the plaintiff to prove that the exercise of jurisdiction is permissible. *Rose v. Granite City Police Department*, 813 F.Supp. 319, 321 (E.D.Pa.1993); *Jaffe v. Julien*, 754 F.Supp. 49, 51 (E.D.Pa.

---

1. According to paragraph 11 of the Complaint, "[p]aintball is a sport that combines elements of combat and marksmanship ... based on the old classic, Capture the Flag." It is played on a field marked off with colored tape to define the boundaries and there is one base or "flag station" at each end of the field. The players are equipped with air-powered guns which they use to shoot rounds of harmless plastic-coated balls of water-soluble paint that explode on impact (the "paintballs") to mark or tag and thereby eliminate opposing team members. The team which captures and returns the opposing team's flag to their own flag station without being hit is the victor.

1991). The plaintiff cannot rely on the bare pleadings alone, but must sustain his burden of proof by establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction through sworn affidavits or other competent evidence. *Carteret Savings Bank, FA v. Shushan,* 954 F.2d 141, 146 (3rd Cir. 1992), citing, *inter alia, Provident National Bank v. California Fed. Savings & Loan Ass'n,* 819 F.2d 434 (3rd Cir.1987); *Rose v. Granite City, supra,* at 321 citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61 (3rd Cir.1984).

### Discussion

■ The Supreme Court has long recognized that the due process clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties or relations. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471–472, 105 S.Ct. 2174, 2181, 85 L.Ed.2d 528 (1985); *International Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945). It has been said that Rule 4(e) of the Federal Rules of Civil Procedure is the appropriate starting point for jurisdictional analysis, as the rule authorizes personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits. *Mellon Bank (East) PSFS, National Association v. Farino,* 960 F.2d 1217, 1221 (3rd Cir.1992) citing *Mesalic v. Fiberfloat Corp.,* 897 F.2d 696, 698 (3rd Cir.1990). Under Pennsylvania's long-arm statute, 42 Pa.C.S. § 5322(b), the courts are permitted to exercise personal jurisdiction over non-resident defendants to the constitutional limits of the due process clause of the fourteenth amendment. *Mellon Bank (East) PSFS v. DiVeronica Bros., Inc.,* 983 F.2d 551, 554 (3rd Cir.1993); *Farino,* at 1221.

■ The constitutional touchstone of the determination whether an exercise of personal jurisdiction comports with due process remains whether the defendant purposefully established minimum contacts in or purposely directed its activities toward residents of the forum state. *Asahi Metal Industry Co., Ltd. v. Superior Court of California,* 480 U.S. 102, 108, 107 S.Ct. 1026, 1030, 94 L.Ed.2d 92 (1987). The determination of whether minimum contacts exist requires an examination of "the relationship among the forum, the defendant and the litigation." *Vetrotex Certainteed Corporation v. Consolidated Fiber Glass Products Co.,* 75 F.3d 147, 150 (3rd Cir.1996), citing *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683 (1977). Hence, there must first be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws" for personal jurisdiction to attach. *Id.,* quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). Then, if sufficient "minimum contacts are shown, jurisdiction may be exercised where the court determines in its discretion that to do so would comport with traditional notions of fair play and substantial justice." *Id.,* quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Farino,* 960 F.2d at 1222.

■ Personal jurisdiction has been further categorized as either specific or general. If the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant should reasonably anticipate being haled into court there, that defendant may be subject to the state's jurisdiction under the concept of "specific jurisdiction." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *Vetrotex,* 75 F.3d at 151, *Clark v. Matsushita,* 811 F.Supp. at 1065. "General jurisdiction" is invoked when the plaintiff's cause of action arises from the defendant's non-forum related activities. To establish general jurisdiction, the plaintiff must show that the defendant has maintained continuous and systematic contacts with the forum. *Vetrotex,* at 151 citing, *inter alia, North Penn Gas Co. v. Corning Natural Gas Corp.,* 897 F.2d 687, 690, n. 2 (3rd Cir. 1990), *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414, n. 9, 104 S.Ct. 1868, 1872, n. 9, 80 L.Ed.2d 404 (1984).

Applying these principles to the matter at hand, it appears from the complaint that plaintiff is basing its claim of jurisdiction over defendants under the theory of general jurisdiction, as plaintiff's claims do not specifically arise out of defendants' alleged contacts with Pennsylvania or with the Eastern District.[2] It is thus necessary to carefully examine defendants' alleged contacts to ascertain whether they are of a continuous and systematic nature.

■ In this regard, the record reflects that defendants' contacts with the Commonwealth of Pennsylvania consist of Larry Cossio having participated in and co-sponsored the annual trade shows in Pittsburgh and Philadelphia for the last two years as the representative of National Paintball Association and the sale of an insurance policy to the Three Rivers Paintball Field in Freedom, Pennsylvania. (Exhibits "G," "H" to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss). Although defendants have denied that Larry Cossio solicited any business on behalf of NPA at any of these trade shows, they have admitted that he gave advice concerning liability insurance and that he intends to participate in upcoming Philadelphia and Pittsburgh conferences. While this evidence is scant, insurance counseling and sales is NPA's business. We therefore find that the giving of advice regarding insurance, taken together with NPA's co-sponsorship of the Philadelphia and Pittsburgh conferences and the sale of at least one insurance policy to a Pennsylvania resident, demonstrates that defendants have purposefully directed their activities toward Pennsylvania residents so as to establish sufficient minimum contacts to confer jurisdiction on this Court. *See Also:* 42 Pa.C.S.A. § 5322(a)(6)(I) (authorizing the exercise of jurisdiction over a person or representative who contracts to insure any person, property, or risk located within the Commonwealth at the time of contracting).

The issue of jurisdiction having been resolved, we turn next to the question of the propriety of venue. In civil actions, venue is governed by 28 U.S.C. § 1391 which provides, in relevant part:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

■ For the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). Unlike motions to dismiss for lack of jurisdiction, the burden of establishing the need for transfer rests with the moving party. Such motions are not to be liberally granted as the plaintiff's choice of venue is not to be lightly disturbed. *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2244 101 L.Ed.2d 22 (1988); *Jumara v. State Farm Insurance Co.,* 55 F.3d 873, 879 (3rd Cir.1995); *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3rd Cir.1970). A plaintiff's choice of forum, however, is entitled to less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based. *Jordan v. Delaware & Hudson Railway Co.,* 590 F.Supp. 997, 998 (E.D.Pa.1984); *Schmidt*

---

**2.** Interestingly, Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss or Transfer argues that it is invoking specific jurisdiction because its claims originate out of defendants' regular attendance at "major industry conferences in Philadelphia and Pittsburgh advertising their services under the infringing name," and upon defendants' sale of an insurance policy in Pennsylvania. (Pl's Memo of Law at p. 8). Plaintiff's complaint, however, avers that Defendants are attending conferences in other states and are advertising and doing business nationally, as well as in Pennsylvania. (Pl's Complaint, ¶s 4, 20, 25). From the complaint, we conclude that Plaintiff is in fact endeavoring to invoke general jurisdiction and the parties' arguments are thus analyzed under this jurisdictional approach.

*v. Leader Dogs for the Blind, Inc.*, 544 F.Supp. 42, 47 (E.D.Pa.1982).

In deciding a motion to transfer, the court must first determine whether the alternative forum is a proper venue and then whether the balance of convenience clearly weighs in favor of a transfer. *See: Watt v. Consolidated Rail Corp.*, 1997 WL 288607 (E.D.Pa. 1997). In considering convenience, the courts should consider the parties' residences, the residence of potential witnesses, the situs of events giving rise to the lawsuit, the location of records and documents and all other practical problems that make the trial of a case easy, expeditious and inexpensive. Additional public interest factors are properly considered such as the relative congestion of court dockets, choice of law considerations and the relationship of the community in which the courts and the jurors are required to serve to the occurrences that gave rise to the litigation. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Kielczynski v. Consolidated Rail Corp.*, 837 F.Supp. 687, 689 (E.D.Pa. 1993). Transfer is not warranted if the result is merely to shift the inconvenience from one party to the other. *Vipond v.Consolidated Rail Corp.*, 1994 WL 534808 (E.D.Pa. 1994), citing *Kimball v. Schwartz*, 580 F.Supp. 582, 588 (W.D.Pa.1984).

█ In application of these standards, we first observe that the Eastern District of Pennsylvania is neither the plaintiff's home nor is it the only location in which plaintiff's claims arose given that the parties both do business on a national scale. Plaintiff has produced no evidence to dispute that defendants' principal place of business is located in National City, California within the Southern District of California or that almost all of defendants' witnesses are located within the jurisdiction of the U.S. District Court for the Southern District of California. Clearly, under 28 U.S.C. § 1391(b), this action could have just as easily have been commenced in the U.S. District Court for the Southern District of California as it was commenced in this Court. We thus find that the Southern District of California is a proper venue.

We next consider whether the balance of convenience weighs in favor of transfer. Re-viewing again the parties' evidence on this point, we note that defendants have supplied only a declaration from their attorney attesting in conclusory fashion to the fact that the acts or·omissions for which plaintiff seeks to hold them liable occurred outside of Pennsylvania and that as they are a small business with all of their books, records and witnesses located in California, the cost of having to defend this action in Pennsylvania would be unduly burdensome and inconvenient.

Plaintiff, on the other hand, has not produced any evidence to support the assertions which it raises in its Memorandum of Law that "[e]ach major paintball event in Philadelphia and Pittsburgh which Defendants have sponsored, been keynote speakers or solicited paintball insurance under the infringing mark has created numerous instances of likelihood of confusion and has provided literally hundreds of potential witnesses in Pennsylvania who may be able to testify on behalf of National Paintball ..." (Pl's Memorandum of Law, at p. 15). Indeed, the plaintiff's own complaint and exhibits illustrate to the contrary: that the paintball industry conducts trade shows and conferences in Texas, California and Florida and conference attendees, sponsors and participants are attracted on a national basis and come from such states as Michigan, Florida, California, Oklahoma and Texas, in addition to Pennsylvania. (Pl's Exhibits "D," "E"). Hence, in considering and weighing the modicum of evidence produced as to the parties' and witnesses' residences and the situs of events giving rise to this suit, we find that the relative ease of access to proof and to compulsory process for attendance of unwilling witnesses is equal as between this Court and the Southern District of California.

In comparing the congestion levels in the courts as reflected in Plaintiff's Exhibit "I," the balance of conveniences is again essentially equal. To be sure, the number of new case filings in the Southern District of California in 1996 was 5,674 with civil cases being disposed of in the median time of 7 months as contrasted with 9,720 new case filings in this district with a median disposition time for civil cases of 6 months. Inasmuch as neither plaintiff nor defendants have offered

any evidence as to the relationship(s) of the communities from which juries would ultimately be selected or as to any choice of law considerations, these factors cannot be analyzed. All things then being equal and being mindful that the burden of showing the necessity for transfer falls on defendants such that the balancing of interests must weigh heavily in favor of transfer, we can reach no other conclusion but that the defendants here have failed to meet their burden. *See: PPG Industries, Inc. v. Systonetics, Inc.*, 614 F.Supp. 1161, 1163 (W.D.Pa.1985). Accordingly, the request for transfer to the Southern District of California must be denied.

An appropriate order follows.

### ORDER

AND NOW, this 12th day of March, 1998, upon consideration of Defendants' Motions to Dismiss for Lack of Personal Jurisdiction and/or to Transfer this action to the U.S. District Court for the Southern District of California, it is hereby ORDERED that the Motions are DENIED for the reasons set forth in the preceding Memorandum.