**Christopher POOLE and Wanda Poole, Plaintiffs,**

v.

**Albert SASSON, Defendant.**

**No. CIV.A. 00–CV–512.**

United States District Court, E.D. Pennsylvania.

Nov. 22, 2000.

Nina B. Shapiro, Lancaster, PA, for plaintiffs.

Louis J. Isaacsohn, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, Philadelphia, PA, for defendant.

### *MEMORANDUM*

JOYNER, District Judge.

This is a breach of contract and accountant malpractice case brought by Plaintiffs Christopher and Wanda Poole ("Plaintiffs") against Defendant Albert Sasson ("Defendant"). Presently before the Court is Defendant's Motion to Dismiss for Lack of In Personam Jurisdiction. For the reasons that follow, we will grant the Motion.

### BACKGROUND

This case arises from Defendant's allegedly negligent preparation of Plaintiffs' federal and state tax returns. Defendant is a certified public accountant residing and working in New York. Plaintiffs are a husband and wife who live in Pennsylvania. From 1975 to 1997, Plaintiffs retained Defendant to perform yearly accounting services, including the filing of their state and federal tax returns. In 1997, the Internal Revenue Service ("IRS") audited Plaintiffs' 1992 and 1993 federal tax returns, which had been prepared by Defendant. Based on that audit, the IRS determined that Plaintiffs owed back taxes, plus penalties and interest, in the amount of $292,740. Plaintiffs now allege that Defendant breached the contract the parties entered and negligently performed his accounting services, thereby proximately causing Plaintiffs' harm.

### DISCUSSION

#### I. *Legal Standard*

A defendant bears the initial burden of raising a lack of personal jurisdiction defense. *See* Fed.R.Civ.P. 12(h)(1); *National Paintball Supply, Inc. v. Cossio*, 996 F.Supp. 459, 460 (E.D.Pa.1998). Once a defendant has raised a jurisdictional defense, the burden shifts to the plaintiff to prove that jurisdiction exists. *See Mellon Bank (East) PSFS, N.A. v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992). Although all allegations in the complaint are taken as true, a plaintiff may not solely rely on bare pleadings to satisfy his jurisdictional burden. Rather, the plaintiff must offer evidence that establishes with reasonable particularity sufficient contact between the defendant and the forum state to support jurisdiction. *See Carteret Savings Bank, F.A. v. Shushan*, 954 F.2d 141, 146 (3d Cir.1992); *North Penn Gas Co. v. Corning*

*Natural Gas Corp.*, 897 F.2d 687, 689 (3d Cir.1990).

## II. *Personal Jurisdiction*

■ Defendant moves to dismiss the Complaint on grounds that this Court may not exercise personal jurisdiction over him. In deciding whether personal jurisdiction exists over an out-of-state defendant, a court must make a two-part inquiry. First, the court must determine whether the long-arm statute of the forum state would allow the courts of that state to exercise jurisdiction over the defendant. *See* Fed.R.Civ.P. 4(e)(1). If the forum state would allow jurisdiction, then the court must determine if exercising personal jurisdiction over the defendant would be consistent with the Constitution's Due Process Clause. *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir.1998). Because Pennsylvania's long-arm statute is coextensive with the dictates of the Constitution, *see* 42 Pa.C.S.A. § 5322(b); *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co.*, 75 F.3d 147, 150 (3d Cir.1996), our jurisdictional inquiry turns exclusively on whether the exercise of personal jurisdiction would conform with the Due Process Clause.

There are two distinct bases upon which personal jurisdiction can be premised—general jurisdiction and specific jurisdiction. General jurisdiction exists when, regardless of where the particular events giving rise to the litigation occurred, the defendant has continuous and systematic contacts with the forum state. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 n. 9 & 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). In contrast, specific jurisdiction exists when the events giving rise to the action are related to the forum state and the defendant has minimum contacts with the forum state. *Id.* at 414 n. 8, 104 S.Ct. 1868.

■ In this case, Plaintiffs claim that both general and specific jurisdiction exist. With regard to general jurisdiction, Plaintiffs offer little argument and make only vague, general averments. For instance, Plaintiffs state that "[b]eginning around 1975 to 1997, Defendant was hired on a yearly basis to perform general accounting services on behalf of Plaintiffs." (Am. Compl. at ¶ 5). Plaintiffs offer no other detail about what, if any, contact actually occurred during this time period. Similarly, Plaintiffs' bald statement that "the unlawful practices complained of took place in … Pennsylvania" appears wholly unsupported. (Am. Compl. at ¶ 4). Plaintiffs also claim that the IRS examiner who was overseeing their audit "maintained continuous contact with Defendant for one year," (Resp. at 4), but they fail to explain how that fact relates to *Defendant's* contact with Pennsylvania. These types of broad generalities by Plaintiffs fall well short of demonstrating that Defendant has "continuous and systematic contacts" with the forum state. As a result, we find that no general jurisdiction exists over Defendant.

■ Next, we examine specific jurisdiction and the two-part test used to determine if this type of personal jurisdiction may be asserted. To establish specific jurisdiction, a plaintiff first must demonstrate that the defendant has sufficient "minimum contacts" with Pennsylvania. *See IMO Indus.*, 155 F.3d at 259 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Minimum contacts exist when the defendant has "purposefully directed" its activities toward the forum state. *See Burger King Corp.*, 471 U.S. at 472, 105 S.Ct. 2174. More specifically, the defendant must "purposefully avail[ ] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Second, if minimum contacts exist, the court must determine if exercising jurisdiction over the defendant would comport with "traditional notions of fair play and substantial justice." *Vetrotex*, 75 F.3d at 150–51 (quoting *Interna-*

*tional Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

Here, the contacts between Plaintiffs and Defendant are undisputed. Plaintiffs initiated the contact with Defendant in New York. Defendant performed his accounting services in New York and then mailed the completed forms to Plaintiffs in Pennsylvania. Beyond that, Defendant's only contact with Pennsylvania was several phone calls to Plaintiffs regarding their tax returns and several telephone discussions with IRS agents. Plaintiffs argue that Defendant, by preparing tax returns filed in Pennsylvania, transacted business in the Commonwealth and should have expected potential audits to occur in Pennsylvania. (Resp. at 3–4). In addition, Plaintiffs assert that Defendant "intended to act for Plaintiffs" during the audit by the Pennsylvania-branch of the IRS and that the harm stemming from Defendant's negligence was felt in Pennsylvania (Resp. at 4).

 Based on the above facts, we find that Plaintiffs have failed to establish Defendant's minimum contacts with Pennsylvania. Defendant's telephone calls and letters to the forum, even if transmitting negligent advice, do not suffice to confer jurisdiction over Defendant. *See Vetrotex,* 75 F.3d at 152 (defendant's several informational telephone calls and letters to Pennsylvania do not support assertion of personal jurisdiction); *Mellon Bank (East) PSFS, N.A., v. DiVeronica Bros., Inc.,* 983 F.2d 551, 556 (3d Cir.1993) (defendant's telephone calls of inquiry to Pennsylvania do not show purposeful availment sufficient for personal jurisdiction); *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas,* 675 F.2d 587, 589 (3d Cir.1982) (defendant's giving of negligent legal advice over phone and submitting bills to Pennsylvania resident insufficient contacts for personal jurisdiction); *see also Sawtelle v. Farrell,* 70 F.3d 1381, 1390–91 (1st Cir.1995) (no personal jurisdiction over Florida attorneys representing New Hampshire residents based on alleged negligence and malpractice where harm felt in New Hampshire but negligent conduct performed elsewhere; communication of negligent advice by telephone and letter not sufficient contact). Nor does the mere existence of a contract between Defendant and Plaintiffs, standing alone, support the finding of specific jurisdiction. *See Vetrotex,* 75 F.3d at 151; *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 482 (3d Cir.1993); *DiVeronica,* 983 F.2d at 557. Similarly, the bare existence of a professional-client relationship, even when the client alleges negligence by the professional, does not support specific jurisdiction without further contact. *See Trinity Indus., Inc. v. Myers & Assocs., Ltd.,* 41 F.3d 229, 230–31 (5th Cir.1995) (noting that existence of attorney-client relationship not enough to establish personal jurisdiction); *FDIC v. Malmo,* 939 F.2d 535, 536–37 (8th Cir.1991) (effects of attorney's negligence inside forum not sufficient to establish personal jurisdiction); *see also Calder v. Jones,* 465 U.S. 783, 789, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (distinguishing between effect of negligence and intentional torts on minimum contacts analysis); *Henshell Corp. v. Childerston,* Civ. A. No. 99–2972, 1999 WL 549027, at *4 & n. 2 (E.D.Pa. July 28, 1999) (listing cases in which minimum contacts not found on basis of attorney-client communications and/or malpractice).

In view of the absence of any actual conduct by Defendant in Pennsylvania, and the limited communications sent by Defendant into the Commonwealth, we find that there are insufficient contacts on which to base personal jurisdiction.[1] Accordingly, we will grant Defendant's Motion.

## CONCLUSION

For the foregoing reasons, we will grant Defendant's Motion to Dismiss for Lack of

---

1. Because we find that minimum contacts do not exist, we need not examine whether exercising jurisdiction over Defendant would comport with fair play and substantial justice.

In Personam Jurisdiction. An appropriate order follows.

### ORDER

AND NOW, this 22nd day of November, 2000, upon consideration of Defendant's Motion to dismiss for Lack of In Personam Jurisdiction (Document No. 8), and Plaintiffs' Response thereto, it is hereby ORDERED that Defendant's Motion is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.