Raymond J. WALSH, Plaintiff,

v.

ALARM SECURITY GROUP, INC. and Robert Gaucher and Donald M. Young, Defendants.

No. CIV. A. 01–CV–287.

United States District Court, E.D. Pennsylvania.

July 31, 2001.

Thomas G. Rohback, Leboeuf, Lamb, Greene & MaCrae, Philadelphia, PA, Gail L. Gottehrer, William E. Murray, Leboeuf, Lamb, Greene & MaCrae, Hartford, CT, for Plaintiff.

Jeffrey P. Lewis, West Chester, PA, for Defendants.

## MEMORANDUM

JOYNER, District Judge.

This case arises from a series of communications between Raymond Walsh ("Plain-

tiff") and Alarm Security Group ("ASG" or "Defendant") regarding Mr. Walsh's potential employment with ASG. In his complaint, Plaintiff states claims for breach of contract, promissory estoppel, fraud, negligent employment, and violation of the Pennsylvania Wage Payment and Collection Law ("WPCL"). Federal jurisdiction is based upon diversity of citizenship. *28 U.S.C. § 1332.* Presently before the Court is Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and Fed R. Civ. P. 12(b)(3), on the grounds that this Court lacks personal jurisdiction over it and venue is improper. Defendant asserts that the nexus between it and Pennsylvania is so attenuated that the exercise of personal jurisdiction would violate the Commonwealth's long arm statute and the dictates of constitutional due process. In contrast, Plaintiff asserts that sufficient minimum contacts exist between ASG and Pennsylvania to allow this Court to assert personal jurisdiction over Defendant, and venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Pennsylvania. *See 28 U.S.C. § 1391(a)(2).* For the reasons that follow, we will deny Defendant's Motions to Dismiss for lack of personal jurisdiction and improper venue.

## BACKGROUND

Accepting Plaintiff's allegations as true, the relevant facts are as follows. Prior to October 20, 1999, Plaintiff was a resident of California and employed as the General Manager at SecurityLink for the Northern California region. ASG is a Delaware Corporation with its principal place of business in Lisle, Illinois. During the first or second week of October 1999, Plaintiff received an unsolicited inquiry from representatives of ASG asking whether he would consider accepting a similar position with them at their Philadelphia branch. ASG was seeking to purchase another alarm company in order to establish a presence in Pennsylvania, and thus planning to open an office there. Plaintiff traveled to Illinois to meet with representatives of ASG, including Defendants Robert Gaucher ("Gaucher") and Donald Young ("Young"), regarding the employment opportunity in Pennsylvania.

Soon after the meeting, Young telephoned Plaintiff and extended an offer of employment to him as the General Manager of the Philadelphia branch. The offer included specific details regarding compensation and benefits. Plaintiff verbally accepted the offer, and on October 20, 1999, he received a written letter that confirmed the terms of his employment. Plaintiff signed the letter to formally accept the position for a term of at least five years. Plaintiff then moved to Pennsylvania at the instruction of Defendant, as the agreement established a start date of January 1, 2000. On and after January 1, 2000, when Plaintiff presented himself to ASG to start work, he was first advised that his start date would be delayed and thereafter advised that ASG would not honor the terms of its employment offer.

## DISCUSSION

### I. *Legal Standard*

A defendant bears the initial burden of raising a lack of personal jurisdiction defense. *See Fed.R.Civ.P. 12(h)(1); National Paintball Supply, Inc. v. Cossio,* 996 F.Supp. 459, 460 (E.D.Pa.1998). Once a defendant has raised a jurisdictional defense, the burden shifts to the plaintiff to prove that jurisdiction exists. *Mellon Bank (East) PSFS Nat. Ass'n v. Farino,* 960 F.2d 1217, 1223 (3d Cir.1992). Although all allegations in the complaint are taken as true, a plaintiff may not solely rely on bare pleadings to satisfy his jurisdictional burden. Rather, the plaintiff

must offer evidence that establishes with reasonable particularity sufficient contact between the defendant and the forum state to support jurisdiction. *Carteret Savings Bank, F.A. v. Shushan,* 954 F.2d 141, 146 (3d Cir.1992).

## II. *Personal Jurisdiction*

■ In deciding whether personal jurisdiction exists over an out-of-state defendant, a court must make a two-part inquiry. First, the court must determine whether the long-arm statute of the forum state would allow the courts of that state to exercise jurisdiction over the defendant. *See Fed.R.Civ.P. 4(e)(1).* If the forum state allows jurisdiction, the courts must determine if exercising personal jurisdiction over the defendant would be consistent with the Constitution's Due Process Clause. *IMO Indus., Inc. v. Kiekert AG,* 155 F.3d 254, 259 (3d Cir.1998); *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co.,* 75 F.3d 147, 150 (3d Cir.1996). Pennsylvania's long arm statute provides that its reach is coextensive with the limits placed on the states by the Constitution. *42 Pa. Cons.Stat. Ann. § 5322(b) (1981).* Therefore, our inquiry is based on whether the exercise of personal jurisdiction conforms with the Due Process Clause. *See Vetrotex,* 75 F.3d at 150.

■ Pennsylvania's long arm statute provides for two types of personal jurisdiction—general jurisdiction and specific jurisdiction. General jurisdiction exists when, regardless of where the particular events giving rise to the litigation occurred, the defendant has continuous and systematic contacts with the forum state. *See Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414 n. 9 & 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *42 Pa. Cons.Stat. Ann. § 5322(b).* Specific jurisdiction exists when the events giving rise to the action are related to the defendant's contact with the forum state, and when the defendant's activities with the forum state are such that it should "reasonably anticipate being haled into court there." *Helicopteros Nacionales de Colombia,* 466 U.S. at 414 n. 8, 104 S.Ct. 1868; *Vetrotex,* 75 F.3d at 151.

■ To determine whether the exercise of specific jurisdiction conforms with due process, the plaintiff must satisfy a two-part test. First, a plaintiff must show that Defendant has constitutionally sufficient "minimum contacts" with the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citing *International Shoe Co. v. Washington,* 65 S.Ct. 1579 (1945)). Minimum contacts exist when the defendant has "purposefully directed" its activities toward the forum state, such that its conduct is more than merely "random, fortuitous or attenuated." *Id.* at 475, 105 S.Ct. 2174 (citing *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984)). More specifically, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting business within the forum state, thus invoking the benefits and protections of its laws." *Mellon Bank,* 960 F.2d at 1221 (citing *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)).

■ Second, once minimum contacts have been established, the court must determine if exercising jurisdiction over the defendant would comply with "traditional notions of fair play and substantial justice." *Vetrotex,* 75 F.3d at 150–51 (citing *International Shoe,* 326 U.S. at 316, 66 S.Ct. 154). That examination considers such things as the burden on the defendant, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the

interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies. *Burger King*, 471 U.S. at 477, 105 S.Ct. 2174 (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980))

■ Because ASG is a foreign corporation incorporated in the state of Delaware, its principal place of business is in Lisle, Illinois, it does not own any property in Pennsylvania, and it is not registered in Pennsylvania to do business, ASG does not meet the necessary requirements for continuous and systematic activity to warrant the exercise of general jurisdiction. However, specific personal jurisdiction is proper with regard to each of Plaintiff's individual claims.

A. *Personal Jurisdiction With Respect to Plaintiff's Breach of Contract and Promissory Estoppel Claims* [1].

■ Although the fact that a non-resident has contracted with a resident of the forum state is not, by itself, sufficient to justify personal jurisdiction over the non-resident, establishing the requisite minimum contacts is. *Mellon Bank*, 960 F.2d at 1223. With regard to contracts, the terms of the agreement, along with the place and character of prior negotiations, contemplated future consequences, and the course of dealings between the parties must be evaluated in determining whether the defendant purposefully established minimum contacts with the forum. *Mellon Bank*, 960 F.2d at 1223 (citing *Burger King*, 471 U.S. at 479, 105 S.Ct. 2174). The Supreme Court has emphasized that parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulations and sanctions in the other State for the consequences of their activities. *Burger King*, 471 U.S. at 473, 105 S.Ct. 2174 (citing *Travelers Health Assn. v. Virginia*, 339 U.S. 643, 647, 70 S.Ct. 927, 94 L.Ed. 1154 (1950)). Thus, in a contractual setting if a non-resident defendant has purposefully entered into a contract and availed itself of the privilege of conducting business in a specific forum, the defendant has done all that due process requires to subject him to jurisdiction in that forum because his activities are shielded by the benefits and protections of the forum's laws. *Mellon Bank*, 960 F.2d at 1222 (citing *Burger King*, 471 U.S at 475–76, 105 S.Ct. 2174).

■ In contesting Pennsylvania's appropriate exercise of personal jurisdiction over it, Defendant emphasizes the fact that the contract at issue was not negotiated or signed with Plaintiff in Pennsylvania. Defendant also claims that it does not have minimum contacts with Pennsylvania because it does not maintain an office, bank accounts, or property there. Defendant contends that its lack of physical presence in Pennsylvania does not support a finding of personal jurisdiction.

In its assertions, Defendant overlooks the fact that the contract was to be performed in Pennsylvania, and that the breach occurred there as well. Defendant purposefully solicited Plaintiff as its employee for its Pennsylvania office. Plaintiff was contracted to perform work exclusively in Pennsylvania for Defendant's benefit. Accordingly, Defendant's contact with Pennsylvania was not random, fortuitous, or attenuated. Rather, it was pur-

---

**1.** Because a promissory estoppel claim sounds in contract law, the court will consider the two claims together. *See Crouse v.* *Cyclops Indus.*, 560 Pa. 394, 403, 745 A.2d 606 (2000).

poseful, pre-meditated, and intentional. Moreover, Defendant contracted Plaintiff to work for it for a term of five years. This demonstrates that Defendant recognized it would be doing business in Pennsylvania with a Pennsylvania resident as its employee, and that Defendant deliberately reached out beyond one state to create continuing relationships and obligations with a citizen of another. Finally, because Defendant breached the contract in Pennsylvania by failing to make payment of wages that were due there, Plaintiff's injury occurred in Pennsylvania.

The Defendant's contacts as outlined above indicate a voluntary entry into Pennsylvania sufficient for this Court to exercise specific jurisdiction. Defendant has purposefully availed itself of the opportunity to do business in Pennsylvania by voluntarily seeking out an employee to work for it there, and thus securing the benefit of Pennsylvania's Workers' Compensation Statute, as well as Pennsylvania's laws governing the fiduciary duties of an employer to its employee. Because Defendant directed Plaintiff to move to Pennsylvania, it knew that a breach of the employment contract would result in economic harm in Pennsylvania. Further, Plaintiff's claim arises directly out of these contacts with the forum. Therefore, Defendant has established minimum contacts with Pennsylvania that comply with the Constitution's due process limits, such that it could reasonably anticipate being haled to court there.

■ Next, the court must consider whether the exercise of personal jurisdiction over ASG comports with the "traditional notions of fair play and substantial justice". *E.g. International Shoe*, 326 U.S. at 316, 66 S.Ct. 154. Where a defendant purposefully has directed his activities at forum residents as Defendant has done here, the defendant must present a compelling case that the presence of some other consideration renders jurisdiction unreasonable. *Carteret Savings Bank*, 954 F.2d at 150 (quoting *Burger King*, 471 U.S. at 477, 105 S.Ct. 2174).

■ Defendant has not met this burden in the instant case. To demonstrate the unfairness, Defendant relies on the fact that it does not have a business presence in the forum and the majority of witnesses are located in another forum. However, Plaintiff's injury occurred in Pennsylvania, and Pennsylvania surely has an interest in protecting its citizens and employees from employers' breach of contract and non-payment of wages. When a Pennsylvania resident is injured in the Commonwealth, Pennsylvania has a strong interest in providing a forum for the resident and in having the responsible defendants accountable for their actions in Pennsylvania. *Elbeco Inc. v. Estrella de Plato, Corp.*, 989 F.Supp. 669, 678 (E.D.Pa.1997)(quoting *Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476 (3d Cir.1993)).

Further, the hardship on ASG of defending this matter in Pennsylvania is not too great. Defendant has already shown its ability to come to Pennsylvania, both by hiring Plaintiff and sending him here as its employee, but also by admission that it has previously come into Pennsylvania to negotiate the purchase of other businesses here. Therefore, there are sufficient minimum contacts to exercise specific jurisdiction and the exercise of specific jurisdiction comports with fair play and substantial justice. Accordingly, Defendant's Motion to Dismiss with respect to Plaintiff's breach of contract and promissory estoppel claims is denied.

**B. *Personal Jurisdiction With Respect to Plaintiff's Fraud Claim.***

■ In assessing minimum contacts with respect to intentional torts such as

fraud, the Third Circuit has adopted the "effects test" to determine whether minimum contacts exist between a defendant and the forum. *See IMO Indus.*, 155 F.3d 254 (relying on *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)). In order for jurisdiction to be proper under *Calder*, the plaintiff must meet a three-prong test. *Id.* at 256. First, the defendant must have committed an intentional tort. Second, the plaintiff must have felt the brunt of the harm caused by that tort in the forum. Third, the defendant must have expressly aimed his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity. To meet the third prong, a plaintiff must show that the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum. *Id.* at 266.

■■■ Because Defendant acknowledges that fraud is an intentional tort, the first prong of the test is satisfied. Second, all of the harm and injuries that Plaintiff suffered due to Defendant's fraud was in Pennsylvania. Concerning torts, the Third Circuit has adopted the principle that "a wrong does not become a tort until an injury has occurred." *Id.* at 263. Accordingly, the appropriate time to examine the Defendant's relationship and contacts with Pennsylvania is at the time the injury occurred, which in this case was when Plaintiff was not paid as called for by the contract.

Thus, Defendant's fraud and Plaintiff's resulting injury occurred in Pennsylvania. Because Defendant deliberately sent Plaintiff to Pennsylvania and directed him to perform services there, Defendant had knowledge that Plaintiff was to be paid for those services in Pennsylvania and that its failure to pay would cause harm to Plaintiff in Pennsylvania. Thus, it can be determined that Defendant aimed its tortious conduct at Pennsylvania such that it can be said to be the focal point of the harm, and the third prong is satisfied. Furthermore, we have already established that the "fairness factors" are satisfied in this matter. As a result, personal jurisdiction is proper and Defendant's Motion to Dismiss with respect to Plaintiff's fraud claim is denied.

### C. Personal Jurisdiction With Respect to Plaintiff's Negligence Claim.

■■■ In assessing personal jurisdiction with regard to negligence, the Court again must analyze minimum contacts and fair play and substantial justice. *See Poole v. Sasson*, 122 F.Supp.2d 556, 557–8 (E.D.Pa. 2000). Contrary to what Defendant asserts, the negligent acts forming the basis for Plaintiff's claim were not the meeting, negotiations, and offer of employment, which occurred either in Illinois or California. Rather, Defendant was negligent in Pennsylvania when it did not honor the terms of its employment contract with Plaintiff. Plaintiff's injury, loss of payment, also occurred in Pennsylvania when he was a Pennsylvania resident. Moreover, we have already established that minimum contacts exist between Pennsylvania and Defendant, and that this court's exercise of personal jurisdiction complies with traditional notions of fair play and substantial justice. Thus, Defendant's Motion to Dismiss with regard to Plaintiff's negligence claim is denied.

### D. Jurisdiction With Respect To Plaintiff's WPCL Claim.

■■■ When a corporate employer deliberately hires and sends an employee into Pennsylvania to do business for it, and as a result establishes a continuing relationship

with that employee in Pennsylvania, the employer becomes subject to Pennsylvania's laws established for the purpose of protecting Pennsylvania employees from the non-payment of wages. *See 42 Pa. Cons.Stat. Ann. § 5322(a)*. Because this Court recognizes that the injury giving rise to Plaintiff's claims was the nonpayment of wages, which occurred in Pennsylvania, the violation of the WPCL was committed within Pennsylvania.

■ In contesting this claim, Defendant relies on the principle that a violation of the WPCL alone is not a sufficient basis to assert personal jurisdiction. *Central Penn. Teamsters Pension Fund v. Burten*, 634 F.Supp. 128 (E.D.Pa.1986). However, the Court has established the minimum contacts required to support personal jurisdiction under the Constitution, and that Pennsylvania's assertion of personal jurisdiction is consistent with the traditional notions of fair play and substantial justice. Therefore, personal jurisdiction over ASG is appropriate in Pennsylvania, and Defendant's Motion to Dismiss with regard to Plaintiff's WPCL claim is denied.

III. *Venue Is Proper in the Eastern District of Pennsylvania.*

In a civil action based on diversity jurisdiction, venue may be deemed appropriate in "(1) a judicial district where any Defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action commenced if there is no district in which the action may otherwise be brought." *28 U.S.C. § 1391(a)*. Further, 28 U.S.C. § 1391(c) provides that a corporate defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." When a state has more than one district, the corporate defendant is "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction." *28 U.S.C. § 1391(c)*

■ In this case, the event giving rise to all of Plaintiff's causes of action is the refusal of the Defendants to honor their contract and make payment to Plaintiff in Pennsylvania. Plaintiff's injury occurred as a result of the non-payment of wages and other benefits of employment due in Pennsylvania. Moreover, this Court has found that Defendant has sufficient minimum contacts with this district to be subject to personal jurisdiction. Therefore, we find venue is proper in this district under 28 U.S.C. § 1391. Accordingly, Defendant's Motion to Dismiss for Improper Venue is denied.

### CONCLUSION

For the foregoing reasons, we will deny Defendant's Motions to Dismiss the complaint for lack of personal jurisdiction and improper venue.