Christopher W. HUTH, Plaintiff,

v.

**HILLSBORO INSURANCE MANAGEMENT, INC.,** **et al., Defendants.**

No. CIV. A. 99–2335.

United States District Court, E.D. Pennsylvania.

Sept. 4, 1999.

---

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

Before the court is a motion to dismiss for lack of personal jurisdiction submitted by defendants Hillsboro Insurance Management, Inc., Hillsboro Excess & Surplus Lines, Inc., and C. Edward Hardy. Because the plaintiff has demonstrated sufficient contacts with the forum to exercise jurisdiction over these parties, the motion will be denied.[1]

### I. Background

Plaintiff Huth was seriously injured when a vehicle lift in a service station suddenly failed, dropping a motor vehicle onto him. Huth subsequently brought a civil action against E. Forrest & Sons, Inc., alleging improper service of the lift prior to the accident and was awarded $775,000. That award is still unpaid, allegedly because Forrest's insurer, Alpine Assurance, Ltd., was unable to pay the benefits owed because of its own financial problems. Forrest assigned its claims against the insurer to Huth, and he brought the present action in the Chester County Court of Common Pleas, whereupon it was removed to this court.

The present defendants are named because of their relationship to Alpine Assurance, Ltd. Hillsboro Insurance Management (Hillsboro) was authorized by Alpine Assurance to act as its managing agent for the issuance, policy maintenance, and administration of certificates of insurance issued under master policies of insurance. That is, Hillsboro marketed Alpine policies, collected premiums, and paid claims in return for a commission. *See* Resp. to Mot. to Dismiss at 4. Hillsboro is a corporation organized and doing business under

---

**1.** The court previously denied a motion to dismiss for lack of personal jurisdiction submitted by a fourth defendant, Robert Feala. *See* Order of June 23, 1999.

the laws of Wisconsin, with its principal place of business in Wisconsin. Hillsboro Excess & Surplus Lines, Inc., (Hillsboro Excess), is named as the alleged successor to Hillsboro. Hillsboro Excess is also organized under the laws of Wisconsin and has its principal place of business in Wisconsin. Hardy was an insurance agent with Hillsboro and Hillsboro Excess, and he is a citizen of Wisconsin. Hillsboro and Hardy are named in a strict statutory liability count under Pennsylvania insurance law, as well as breach of contract, negligence, and fraud counts. Hillsboro Excess is named in one count alleging successor liability. These defendants now argue that the court has no personal jurisdiction over them.

## II. Discussion

When a court sitting in diversity is faced with a challenge to personal jurisdiction by an out-of-state defendant, it "must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction; then, the court must apply the precepts of the Due Process Clause of the Constitution." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir.1998). The Pennsylvania long-arm statute permits jurisdiction to be exercised "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with the Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b); *see also Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 481 (3d Cir.1993) (describing Pennsylvania long-arm statute).

As the defendant has raised jurisdictional defenses, the plaintiff "bears the burden of establishing either that the cause of action arose from the defendant's forum-related activities (specific jurisdiction) or that the defendant has 'continuous and systematic' contacts with the forum

state (general jurisdiction)." *Mellon Bank (East) v. DiVeronica Bros.*, 983 F.2d 551, 554 (3d Cir.1993) (citations omitted); *see also Carteret Savings Bank v. Shushan*, 954 F.2d 141, 146 (3d Cir.1992) ("[O]nce the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction."). The plaintiff may meet this burden and present a prima facie case for exercising personal jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992) (citations omitted). If a plaintiff has presented a prima facie case for jurisdiction, remaining factual doubts should be resolved in plaintiff's favor. *See DiMark Mkt., Inc. v. Louisiana Health Serv. & Indem. Co.*, 913 F.Supp. 402, 405 (E.D.Pa. 1996).

Plaintiff appears to rely solely on specific jurisdiction.[2] The Third Circuit has explained that a two-part test should be applied to allegations of specific jurisdiction. First, the plaintiff must show that the defendant had constitutionally sufficient minimum contacts with the forum. *See IMO Indus.*, 155 F.3d at 259. These contacts must be such that the defendant should "reasonably anticipate being haled into court there." *DiVeronica Bros.*, 983 F.2d at 554 (internal punctuation omitted), *quoting World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *see also Farino*, 960 F.2d at 1221 (stressing need to inquire into the relationship among the forum, the defendant, and the litigation). Moreover, the court should examine whether the defendant "purposefully established those minimum contacts.... A court must find that there was some act by which the defendant 'purposefully avail[ed] itself' of the privilege of conducting activities within

**2.** Plaintiff does not explicitly abandon a claim of general jurisdiction but provides no information from which the court can conclude

such jurisdiction exists. Rather, plaintiff focuses on the connections from which the court could find specific jurisdiction.

the forum." *Id.* (citations omitted). Second, the court must determine, in its discretion, that exercising jurisdiction would "comport with 'traditional notions of fair play and substantial justice.'" *IMO Indus.*, 155 F.3d at 259, *citing International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (other citations omitted). The court will consider each of the defendants in turn.

A. Hillsboro

■ Hillsboro argues that there is no personal jurisdiction over it because plaintiff has not included specific allegations of contacts with this forum. The complaint, however, states that Hillsboro solicited, recommended, and negotiated a policy in Pennsylvania, *see* Compl. ¶ 18, and in response to the motion to dismiss, plaintiff clarifies these points. Plaintiff has supplied a variety of letters and faxes from representatives of Hillsboro to Forrest from 1992 until 1996 negotiating coverage, explaining coverage, and addressing premium payment. These letters are all addressed to Forrest's Pennsylvania address. *See generally* Plf. Ex. C; *see also* 42 Pa. C.S. § 4322(a)(6) (stating that jurisdiction exists over parties who contract to provide insurance in Pennsylvania). These contacts are sufficient to exercise personal jurisdiction over the defendant, and the court sees no unfairness or injustice in haling Hillsboro into court. By purporting to provide insurance coverage to a Pennsylvania resident, Hillsboro purposefully availed itself of business opportunities in this state and cannot now claim that it could not anticipate being sued in a Pennsylvania court if it failed to provide coverage. "[T]he Due Process Clause may not be readily wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed." *Burger King*, 471 U.S. at 474, 105 S.Ct. 2174.[3]

B. Hillsboro Excess

■ Plaintiff alleges that Hillsboro Excess is liable on a theory of successor liability. Hillsboro Excess acknowledges that, under Pennsylvania law, the acts of a predecessor corporation may be attributed to its successor for purposes of determining whether jurisdiction over the successor is proper. *See Simmers v. American Cyanamid Corp.*, 394 Pa.Super. 464, 576 A.2d 376, 381 (1990) ("We ... hold that the predecessor's activities may be attributed to the successor or jurisdictional purposes."); *see also id.* at 384–90 (explaining rationale); *Bowers v. NETI Technologies, Inc.*, 690 F.Supp. 349, 359–61 (E.D.Pa. 1988) (applying successor liability to question of personal jurisdiction). To apply this principle, the Pennsylvania Superior Court looked to the law of successor liability and stated, as Hillsboro Excess notes, that when a company sells or transfers all of its assets to a successor, "the successor does *not* acquire the liabilities of the transferor merely because of its succession to the transferor's assets." *Id.* at 386. However, the court continued to explain that this general rule does not apply in a variety of circumstances, including the following: the purchaser impliedly or expressly assumed such obligations; the transaction was a consolidation or a merger; the purchasing corporation is merely a continuation of the selling corporation; the transaction was fraudulent; the transfer was not made for adequate consideration; or the successor undertakes to conduct the same manufacturing operation of the transferor's product lines in an essentially unchanged manner. *See id., quoting Dawejko v. Jorgensen Steel Co.*, 290 Pa.Super. 15, 434 A.2d 106, 107, 110 (1981).

■■ As the court has already ruled that Hillsboro had the requisite contacts, the court must look only to whether Hillsboro Excess can be considered its successor. A certain conundrum is always pres-

---

**3.** The court also notes that Hillsboro has pointed to no particular violation of Due Process that would occur if it were subjected to jurisdiction here. It focuses instead on the alleged lack of minimum contacts.

ent in such situations: "Although a court must accept the plaintiff's allegations as true when ruling on most Rule 12(b) motions, the plaintiff must prove *jurisdictional* facts by a preponderance of the evidence. In the instant case, a finding of jurisdiction turns on the resolution of a substantive issue[.]" *National Precast Crypt v. Dy–Core*, 785 F.Supp. 1186, 1189–90 (W.D.Pa.1992). In recognition that, at such an early stage in a case, a plaintiff should not be expected to prove such facts with the same degree of certainty required on a summary judgment motion or at a trial, the *prima facie* burden is satisfied "if the documents submitted demonstrate facts sufficient to support a finding of jurisdiction." *Id.* at 1190.

[10] In this case, plaintiff has articulated facts from which the court can conclude that Hillsboro Excess was a successor for purposes of a motion to dismiss. Plaintiff alleges that Hillsboro Excess "continued in the same line of business"; took over Hillsboro's accounts, employees and clients; "maintains directory listings and does business as 'Hillsboro Insurance Management'"; and "has assumed use of the same telephone number and post office box which formerly were used by defendant Hillsboro[.]" Compl. ¶ 50. Defendant's submissions do not directly contradict these points. The affidavit presented by defendant Hardy states only that Hillsboro Excess did not exist at the time the contract was made and denies that Hillsboro Excess has any common ownership or control with Hillsboro. *See* Def. Ex. B ¶¶ 8–9 (Aff. of Hardy); *see also id.* ¶¶ 10–11 (denying that Hillsboro sold its assets to Hillsboro Excess or that Hillsboro Excess assumed Hillsboro's obligations). Plaintiff's allegations combined with the

continued difficulties of acquiring the relevant evidence make it premature to dismiss the claims against Hillsboro Excess at this stage.[4]

## C. Hardy

[11–13] Defendant Hardy argues that there are not contacts from which personal jurisdiction may be exercised over him. Three of the counts against Hardy allege contractual causes of actions and one alleges a tort (fraud). While individuals are not ordinarily subject to personal jurisdiction for actions taken in their corporate capacity, as noted in the court's previous order, allegations of tortious behavior may create an exception to that rule. *See, e.g., Elbeco, Inc. v. Estrella de Plato Corp.*, 989 F.Supp. 669, 676 (E.D.Pa.1997); *TJS Brokerage & Co., Inc. v. Mahoney*, 940 F.Supp. 784, 788–89 (E.D.Pa.1996). In addition, Hardy's alleged actions invoke another exception: individuals may not take refuge behind the corporate shield if they are charged "with violating a statutory scheme that provides for personal, as well as corporate liability[.]" *National Precast Crypt*, 785 F.Supp. at 1191. The insurance laws under which plaintiff brings suit do provide for personal liability. *See* 40 Pa. C.S. § 237 (establishing personal liability for insurance agents on "all contracts of insurance or suretyship unlawfully made by or through him, directly or indirectly, for or on behalf of any entity not authorized to do business in this Commonwealth").

These exceptions combined with Hardy's forum contacts make the exercise of personal jurisdiction appropriate. Plaintiff has submitted documents regarding Hardy's solicitation of Forrest's insurance policy indicating that he was personally and

4. Defendant argues that the court cannot look solely to the actions of Hillsboro to impute minimum contacts to Hillsboro Excess, citing *National Precast Crypt*, 785 F.Supp. at 1195, but, as the Pennsylvania Superior Court explained in *Simmers*, "[p]laintiffs must be permitted to establish jurisdiction over successor corporation based upon its predecessor's con-

tacts with the forum. Otherwise, a corporation which voluntarily or by the operation of law assumes its predecessor's liabilities may be able to avoid the jurisdiction of the very forum where the liability accrued simply because it never did business within that forum." *Simmers*, 576 A.2d at 390.

directly involved. *See* Plf. Ex. A ¶¶ 2–4, 10 (Aff. of Forrest describing Hardy's role); Ex. B (noting Hardy's involvement in procurement of contract). Also, Hardy's contacts as an insurance agent are relevant in determining the contacts with Pennsylvania. *See Elbeco*, 989 F.Supp. at 676 (noting that court's should examine defendant's contacts and participation in alleged tortious behavior). These actions were purposefully directed towards a Pennsylvania corporation, and the behavior was ongoing. *See Elbeco*, 989 F.Supp. at 677.

### III. Conclusion

The plaintiff has met his burden of demonstrating that Hillsboro, Hillsboro Excess, and Hardy have such minimum contacts with this forum that jurisdiction is proper. Hillsboro sold the insurance contract in question and maintained relationships with the insureds. Although Hillsboro Excess may ultimately be able to show that it is not Hillsboro's successor, the evidence presented to the court is enough to permit jurisdiction. Finally, the allegations of Hardy's own involvement are sufficiently documented that this court cannot dismiss him from the case at this stage.

An appropriate Order follows.

### ORDER

**AND NOW,** this day of September, 1999, upon consideration of the Motion to Dismiss for lack of personal jurisdiction submitted by defendants Hillsboro Insurance Management, Inc., Hillsboro Excess and Surplus Lines, Inc., and C. Edward Hardy, and the response thereto, it is hereby **ORDERED** that the Motion is **DENIED** without prejudice with leave to renew following the close of discovery.