**D & S SCREEN FUND II, A**
Pennsylvania Limited
Partnership,

v.

**Emilio FERRARI, An Individual also known as Aman Bedi, a/k/a Aman Ferrari Bedi and Does 1 Through 50 Inclusive.**

No. CIV.A. 01–CV–4333.

United States District Court,
E.D. Pennsylvania.

Nov. 21, 2001.

Jerry S. Goldman, Brandon R. Wind, Jerry S. Goldman & Assoc., Philadelphia, PA, for plaintiff.

David E. Landau, Adam H. Cutler, Wolf, Block, Schoor and Solis–Cohen, Philadelphia, PA, Lawrence Segal, Beverly Hills, CA, for defendants.

### *MEMORANDUM AND ORDER*

JOYNER, District Judge.

By way of the motion now pending before this Court, the defendant, Emilio Ferrari, a/k/a Aman Bedi and Aman Ferrari Bedi, moves to dismiss the plaintiff's complaint against him on the grounds that this Court lacks personal jurisdiction or, alternatively to quash subpoena and transfer venue. For the reasons set forth below, the motion to dismiss for lack of *in personam* jurisdiction shall be granted.

### *Factual Background*

According to the averments contained in Plaintiff's complaint, this is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et. seq.* and under the common law theories of unfair and fraudulent business practices, forgery and conversion. Specifically, Plaintiff contends that, on March 15, 2000, it entered into a Sales Agency Agreement with Defendant's company, A Plus Entertainment, Inc. ("A Plus") to distribute its film "Killer Instinct" in the domestic and international markets. Defendant, acting on behalf of A Plus signed the Sales Agency Agreement. Plaintiff further avers that, despite the fact that the Sales Agency Agreement (hereinafter "the Agreement") provided in part that A Plus would not do anything to impair the plaintiff's copyright protection, Defendant forged the handwriting of one of Plaintiff's authorized representatives to a letter dated March 15, 2000 and then recorded this letter with the United States Copyright Office in Washington, D.C. Defendant also purportedly caused a Copyright Mortgage and Assignment dated December 5, 2000 to be recorded with the U.S. Copyright Office assigning all right, title and interest in Killer Instinct under the copyright to Trimark Pictures, Inc. As a result, Plaintiff contends that it has lost the ability to fully distribute and/or sell Killer Instinct in any media.

### *Standards Applicable to Motions Under Rule 12(b)(2)*

Under Fed.R.Civ.P. 12(h)(1), the defendant bears the burden of raising lack of personal jurisdiction as it is a waivable defense. *National Paintball Supply, Inc. v. Cossio,* 996 F.Supp. 459, 460 (E.D.Pa. 1998). Once the defense has been raised, the burden then shifts to the plaintiff to prove that jurisdiction exists. The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state.

*Mellon Bank (East) PSFS v. Farino,* 960 F.2d 1217, 1223 (3d Cir.1992); *Carteret Savings Bank, F.A. v. Shushan,* 954 F.2d 141, 146 (3d Cir.1992).

### *Discussion*

■■■ Personal jurisdiction consists of two components, one constitutional and the other statutory. First, the plaintiff must demonstrate that jurisdiction is proper pursuant to the law of the forum state and second, must show that jurisdiction comports with Due Process under the United States constitution. *Erinc v. Karavil,* No. 00–5729, 2001 WL 1143314, *4 2001 U.S. Dist. LEXIS 15222, at *16 (E.D.Pa. Sept. 27, 2001). The Supreme Court has long recognized that the due process clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties or relations. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471–472, 105 S.Ct. 2174, 2181, 85 L.Ed.2d 528 (1985); *International Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945). Indeed, Due Process requires that the defendant have "minimum contacts" within the forum state such that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Remick v. Manfredy,* 238 F.3d 248, 255 (3d Cir.2001), quoting *International Shoe,* 326 U.S. at 316, 66 S.Ct. 154. Thus, to satisfy the dictates of the due process clause, the defendant must have purposefully directed his conduct toward the forum state or must have purposefully availed himself of the protection of the laws of the forum state. *See, Burger King,* 471 U.S. at 472, 105 S.Ct. 2174; *IMO Industries v. Kiekert AG,* 155 F.3d 254, 259 (3d Cir.1998).

Under Fed.R.Civ.P. 4(e), a district court may assert personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits. *Id.* Pursuant to Pennsylvania's long-arm statute, 42 Pa.C.S. § 5322(b), the courts are permitted to exercise personal jurisdiction over non-resident defendants to the constitutional limits of the due process clause of the fourteenth amendment. *Mellon Bank (East) PSFS v. DiVeronica Bros., Inc.,* 983 F.2d 551, 554 (3rd Cir.1993); *National Paintball Supply, Inc. v. Cossio,* 996 F.Supp. 459, 461 (E.D.Pa.1998).

■■■ The exercise of jurisdiction can satisfy Due Process on one of two distinct theories, a defendant's general or claim-specific contacts with the forum. *Remick* and *Erinc,* both *supra.* A defendant is subject to general jurisdiction when it has continuous and systematic contacts with the forum state and exists even if the plaintiff's cause of action arises from the defendant's non-forum related activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co.,* 75 F.3d 147, 151 n. 3 (3d Cir.1996). Specific jurisdiction, in turn, is established when a non-resident defendant has "purposefully directed" his activities at a resident of the forum and the injury arises from or is related to those activities. *General Electric Company v. Deutz Ag,* 270 F.3d 144, 151 (3d Cir.2001). Questions of specific jurisdiction are properly tied to the particular claims asserted and thus specific jurisdiction frequently depends on physical contacts with the forum. *Id.* Thus, where the plaintiff has shown that the defendant has the requisite minimum contacts with the forum state *and* that the exercise of personal jurisdiction would comport with traditional notions of fair play and substantial justice, the constitutional due process standards underlying specific jurisdiction are satisfied. *See, e.g.,*

*Lautman v. The Loewen Group, Inc.*, No. 99–75, 2000 WL 772818, 2000 U.S. Dist. LEXIS 8241 (E.D.Pa. June 15, 2000).

 Here, Defendant argues that he had no contacts with Pennsylvania except in his corporate capacity and hence there is no basis upon which he personally can be subject to jurisdiction as an individual. As a general rule, individuals performing acts in a state in their corporate capacity are not subject to the personal jurisdiction of the courts of that state for those acts. *National Precast Crypt Co. v. Dy–Core of Pennsylvania, Inc.*, 785 F.Supp. 1186, 1191 (W.D.Pa.1992). This principle is commonly referred to as the fiduciary shield doctrine. *Id.*, citing, *inter alia, Western Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196 (4th Cir.1989) and *Retail Software Services, Inc. v. Lashlee*, 854 F.2d 18 (2nd Cir.1988).

 Where, however, the corporate officer engages in tortious conduct in his or her corporate capacity in the forum state, personal liability may attach. *United Products Corporation v. Admiral Tool & Manufacturing Co.*, 122 F.Supp.2d 560, 562 (E.D.Pa.2000); *Huth v. Hillsboro Insurance Management, Inc.*, 72 F.Supp.2d 506, 511 (E.D.Pa.1999); *Elbeco, Inc. v. Estrella de Plato, Corp.*, 989 F.Supp. 669, 675 (E.D.Pa.1997). Accordingly, courts have refused to permit a corporate officer to invoke the shield when the officer was involved in tortious conduct for which he or she could be held personally liable. *Lautman*, 2000 WL 772818, *5, 2000 U.S. Dist. LEXIS at *16. Using a case-by-case approach to determine whether corporate contacts should be considered for personal jurisdiction over an officer, courts analyze the following factors: (1) the officer's role in the corporate structure; (2) the quality of the officer's contacts; and (3) the nature and extent of the officer's participation in the alleged tortious conduct. *McMullen v.*

*European Adoption Consultants, Inc.*, 129 F.Supp.2d 805, 811 (W.D.Pa.2001); *United Products*, 122 F.Supp.2d at 562; *Elbeco*, 989 F.Supp. at 676.

 In applying these principles to the case at hand, we first cannot find that Defendant has the requisite continuous and systematic contacts with Pennsylvania such that general personal jurisdiction has been conferred over him. Although Plaintiff argues that the defendant has shipped various movies into or through Pennsylvania and has sent a substantial number of letters, faxes, federal express packages and e-mail into Pennsylvania, it appears that Plaintiff is alleging that all of these activities occurred in relation to the transaction underlying *this* lawsuit only. Thus, despite the complete absence of any actual evidence to support Plaintiff's argument and accepting these allegations as true, we find that these averments are insufficient to make out a showing of *general* jurisdiction.

Turning now to the issue of specific jurisdiction, we likewise cannot find that sufficient contacts exist between Mr. Ferrari and this forum such as would permit the exercise of specific personal jurisdiction over him. For one, in considering the three factors enunciated above under the fiduciary shield test, we find that Mr. Ferrari is the President and owner of A Plus Entertainment, Inc., a California corporation and that it was he who executed the Sales Agency Agreement with Plaintiff on behalf of the company. It is therefore clear that he has the most significant role in A Plus' corporate structure.

However, with respect to the nature and quality of Defendant's contacts with the forum, it appears that the only contacts which Mr. Ferrari has had with Pennsylvania consist of several telephone conversations and facsimile transmissions with D &

S representatives. It is unclear which party originated the telephone calls and there is evidence that Mr. Ferrari originated only one facsimile transmission on November 15, 2000. These contacts are, we find, insufficient to weigh in favor of the exercise of personal jurisdiction by this Court.

Finally, applying the third prong of the analysis, we find that while the defendant is alleged to have been the primary tortfeasor (by purportedly first forging the signature of Plaintiff's principal officer to a letter dated March 15, 2000, later recording it with the U.S. Copyright Office in Washington, D.C., by recording a Copyright Mortgage and Assignment to Trimark Pictures in the U.S. Copyright Office in December, 2000, and by misrepresenting his expertise and qualifications in the field of film marketing and distribution), it does not appear that any of these tortious actions occurred in Pennsylvania. Although it is undisputed that the Plaintiff is a Pennsylvania corporation which filmed and produced "Killer Instinct" here, and that arguably the harm which Defendant is alleged to have inflicted was felt in Pennsylvania, the record is also clear that it was the plaintiff who sought to engage Defendant's company to represent it. There is absolutely no evidence whatsoever that A Plus has any offices, agents or employees in Pennsylvania, owns any real or personal property here, has any licenses, ever distributed or produced any motion pictures here, ever advertised in or otherwise directed its marketing activities to Pennsylvania or that it did anything other than provide general information regarding Mr. Ferrari's background and credentials on its Internet web site. We therefore conclude that Mr. Ferrari remains protected by the fiduciary shield doctrine.

█ Moreover, the plaintiff has produced no evidence to refute that of the defendant that he is a resident of California who has never been to Pennsylvania and never paid taxes to Pennsylvania, owns no real or personal property in Pennsylvania and maintains no bank accounts or licenses here. Accordingly, we can make no other finding but that insufficient contacts exist to justify this Court's exercise of specific personal jurisdiction over Defendant on any of the four claims in Plaintiff's complaint.

For all of the reasons set forth above, we shall grant the defendant's motion to dismiss for lack of personal jurisdiction without prejudice to Plaintiff's right to bring this action in the appropriate forum. In light of this holding, we see no need to address Defendant's argument with respect to the propriety of service of process upon him or as to his request for change of venue.

An order follows.

## ORDER

AND NOW, this day of November, 2001, upon consideration of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Insufficient Process and Insufficient Service of Process or, in the Alternative to Quash Subpoena and Transfer Venue, it is hereby ORDERED that the Motion is GRANTED and Plaintiff's Complaint is DISMISSED without prejudice to Plaintiff's right to re-file it in the appropriate forum.