IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Nos. 01-20561 and 01-20562
_____

LA BANQUE SOCIETE GENERALE;
LA BANQUE DE NEUFLIZE SCHLUMBERGER MALLET,

Plaintiffs - Appellees,

v.

SHEIKH ABDILLAH OTHMAN ABDULLAH AL-KASABI,

Defendant - Appellant.

-----------------------------------
LA BANQUE SOCIETE GENERALE;
LA BANQUE DE NEUFLIZE SCHLUMBERGER MALLET,

Plaintiffs - Appellees,

v.

BUTAN VALLEY N V

Defendant-Appellant.

---

Appeal from the United States District Court for the
Southern District of Texas, Houston Division
USDC No. H-99-CV-560

---

July 16, 2002

Before JOLLY, DeMOSS and PARKER, Circuit Judges:[*]

PER CURIAM:

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After a review of the briefs and the record, and after considering the oral arguments, we hold as follows.

The district court's Federal Rule of Civil Procedure 37(b)(2)(A) and (D) sanction order is upheld, because it was not an abuse of discretion nor was it clearly erroneous in any respect. See, e.g., Insurance Corp. Of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707-09 (1982) (reviewing for abuse of discretion district court's Fed. R. Civ. Pro. 37(b) sanction order establishing personal jurisdiction over the defendant, and holding that there was no abuse of discretion).  Upholding the sanction order establishes that Butan Valley is the alter ego of Al-Kasabi.  Personal jurisdiction over Butan Valley therefore established personal jurisdiction over Al-Kasabi.  See Insurance Corp. of Ireland, 456 U.S. at 709 (holding that it does not violate due process for a court to use Fed. R. Civ. Pro. 37(b) sanctions to establish as true facts that form the basis for personal jurisdiction over a defendant); Patin v. Thoroughbred Power Boats Inc., 2002 WL 1287885, *10 (5th Cir.) (holding that "an individual can be bound by a corporation's voluntary submission to the personal jurisdiction of a court when the corporate veil has been pierced and the corporation is deemed to be the 'alter ego' of that individual").[1]  The court,

---

[1] Patin also cites cases from four other circuits and two district courts which hold that it is compatible with due process for a court to exercise personal jurisdiction over an individual or corporation that would not ordinarily be subject to personal jurisdiction in that court if the individual or corporation is an alter ego or successor of a corporation that would be subject to jurisdiction in that court. See id. at *9 n. 18 (citing Howard v. Everex Systems, Inc., 228 F.3d 1057, 1069 n. 17 (9th Cir. 2000) ("Although jurisdiction over a subsidiary does not automatically provide jurisdiction over a parent ... where the parent totally controls the actions of the subsidiary so that the subsidiary is the mere alter ego of the parent, jurisdiction is appropriate over the parent as well."); Minnesota Mining & Mfg. Co. v. Eco Chem Inc., 757 F.2d 1256, 1265 (Fed. Cir. 1985) (finding that the exercise of personal jurisdiction over a successor corporation with no ties to the forum state was appropriate when the successor corporation was a "mere continuation" of the predecessor corporation and exercise of personal jurisdiction would have been appropriate over the predecessor); Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 903 (2d Cir. 1981)

2

therefore, had jurisdictional authority to enforce the arbitration order against Al-Kasabi. <u>See</u>

<u>Patin</u>, 2002 WL 1287885 at *11-*12 (implicitly upholding court's authority to award damages,

but remanding for recalculation of damages). Al-Kasabi offers no reason why the arbitration

order should not be enforced on its merits. The district court was, therefore, correct in enforcing

the order and, because of its finding of alter ego status, it was correct in making the judgment

enforceable against Butan Valley and Al-Kasabi.

Therefore, the district court's sanction order and its judgment are

AFFIRMED.

---

(finding that the fiduciary shield doctrine, which prevents courts from imputing the jurisdictional contacts of corporations to their stockholders, is inapplicable when the corporation is a "mere shell" for the individual stockholder); <u>Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Mgmt., Inc.</u>, 519 F.2d 634, 637-38 (8th Cir. 1975) (finding that the chief executive officer of a corporation was subject to in personam jurisdiction based on the corporation's activities in the forum state when the evidence indicated that the corporation was merely the alter ego of the chief executive officer); <u>Huth v. Hillsboro Ins. Mgmt., Inc.</u>, 72 F.Supp.2d 506, 510 (E.D.Pa. 1999) (holding that the acts of a predecessor corporation may be attributed to its successor for purposes of determining whether jurisdiction over the successor is proper); <u>Kinetic Instruments, Inc. v. Lares</u>, 802 F.Supp. 976, 985 (S.D.N.Y. 1992) ("It is clear that if a court has jurisdiction over a corporation, it may obtain jurisdiction over a corporate officer or shareholder by disregarding the corporate entity.")).