Ruby URGENT, Plaintiff,

v.

TECHNICAL ASSISTANCE BUREAU, INC. and Joseph J. Gentile, III, Defendants.

No. CIV.2001/0149.

District Court, Virgin Islands, D. St. Croix.

April 9, 2003.

Lee J. Rohn, Esq., K. Glenda Cameron, Esq., Law Offices of Lee J. Rohn, Christiansted, St. Croix, VI, for Plaintiff.

Matthey J. Duensing, Esq., William J. Glore, Esq., Stryker, Duensing, Casner & Dollison, St. Thomas, VI, Paul E. Ground, Esq., Quinn, Ground & Banton, LLP, Manchester, MO, for Defendants.

## MEMORANDUM OPINION

FINCH, Chief Judge.

THIS MATTER comes before the Court on the Defendants' Motions to Dismiss for lack of personal jurisdiction. A hearing was held on such motions on Wednesday, April 9, 2003. Defendants assert that they have insufficient contacts with the Virgin Islands for the Court to exercise *in personam* jurisdiction under the Virgin Island long-arm statute, 5 V.I.C. § 4903 or the due process clause of the Fourteenth Amendment.[1]

## I. The Breadth of the Virgin Islands Long–Arm Statute

■ The exercise of personal jurisdiction over a defendant must comport both with the Virgin Islands long-arm statute and the due process clause. If the reach of the Virgin Islands long-arm statute is coextensive with the reach under the due process clause, then this collapses into a single inquiry: does jurisdiction satisfy due process? *See IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 258 –259 (3d Cir.1998); *see also Pennzoil Products Co. v. Colelli & Associates, Inc.*, 149 F.3d 197, 202 (3d Cir.1998) (noting that majority of states and Puerto Rico have enacted jurisdictional statutes that have been interpreted to extend to due process limits so that jurisdictional analysis frequently collapses into one-step inquiry). Whether a one-step due process analysis is appropriate is an open question. *Carty v. Beech Aircraft Corp.*, 679 F.2d 1051, 1058–59 (3d Cir. 1982); *In re Tutu Wells Contamination Litig.*, 846 F.Supp. 1243, 1265 (D.Vi.1993); *Dennie v. University of Pittsburgh School of Medicine*, 589 F.Supp. 348, 353 (D.Vi. 1984). The Court sees no reason not to answer it; if the two are coterminous, a resolution of the issues will be less complicated.

The Virgin Islands long-arm statute, which was adopted from Article I of the Uniform Interstate and International Procedure Act of 1962 (hereinafter "Uniform Act") (withdrawn from recommendation

---

1. This amendment is incorporated by reference in the Bill of Rights of the United States Virgin Islands, 1 V.I.C. § 3.

for enactment by the National Conference of Commissioners on Uniform State Laws in 1977 due to it being obsolete) provides in relevant part:

(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's

(1) transacting any business in this territory;

(2) contracting to supply services or things in this territory;

(3) causing tortious injury by an act or omission in this territory;

(4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory;

(5) having an interest in, using, or possessing real [*8] property in this territory; or

(6) contracting to insure any person, property, or risk located within this territory at the time of contracting.

(7) causing a woman to conceive a child, or conceiving or giving birth to a child; or

(8) abandoning a minor in this Territory.

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

5 V.I.C. § 4903 (1997).

Arkansas, District of Columbia, Oklahoma, and Massachusetts are other jurisdictions that adopted their long-arm statutes from Article I of the Uniform Act. In interpreting Arkansas' long-arm statute, the Supreme Court of Arkansas held that "the purpose of the Uniform Act was to expand the state's personal jurisdiction over nonresidents, within the limits permitted by due process of law." *Nix v. Dunavant,* 249 Ark. 641, 460 S.W.2d 762, 763 (1970). The highest courts in the District of Columbia, Oklahoma, and Massachusetts have also held that their respective long-arm statutes extend personal jurisdiction to its constitutional limits. *Environmental Research Intern., Inc. v. Lockwood Greene Engineers, Inc.,* 355 A.2d 808, 811 (D.C.1976); *Fields v. Volkswagen of America, Inc.,* 555 P.2d 48, 52 (Okl.1976) (discussing early Oklahoma long-arm statute adopted from Article I; such long-arm statute has since been repealed); *Tatro v. Manor Care, Inc.,* 416 Mass. 763, 625 N.E.2d 549, 553 (1994).

Congress, by adopting Article I of the Uniform Act, intended the District of Columbia's long-arm statute "to be coextensive in reach with the exercise of personal jurisdiction permitted by the due process clause." *Shoppers Food Warehouse v. Moreno,* 746 A.2d 320, 325 (D.C.2000). Similarly, by adopting the Uniform Act, rather than developing its own long-arm statute or adopting the long-arm statute of some other jurisdiction, the Virgin Islands' Legislature likely intended the reach of the Virgin Islands' long-arm statute to be coextensive with the exercise of personal jurisdiction permitted by the due process clause.

■ Because other jurisdictions that have adopted Article I of the Uniform Act, have held that their long-arm statutes extend personal jurisdiction to its constitutional limits, and because by adopting Article I, the Legislature probably intended the Virgin Islands' long-arm statute to have such reach, the Court holds that the Virgin Islands' long-arm statute is coextensive with the maximum perimeters of the due process clause. Thus, the single question that the Court must answer in this case is whether its exercise of person-

al jurisdiction over the Defendants violates the due process clause of the Fourteenth Amendment.

## II. Jurisdictional Facts

■ Whether the Court may exercise personal jurisdiction over a defendant involves an examination of the facts, as established by competent evidence. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir.1984); *Harthman v. Texaco, Inc.*, 846 F.Supp. 1243, 1264 (D.Vi.1993). The facts before the Court relating to the exercise of personal jurisdiction over these two Defendants are as follows: Defendant Technical Assistance Bureau, Inc. (hereinafter "TAB") is a Maryland corporation with its principal office in Missouri and other offices in Maryland and California. TAB has no office in the Virgin Islands. TAB has never had property, a bank account or other facilities for transacting business in the Virgin Islands.

TAB sent solicitations to attorneys throughout the United States, including the Virgin Islands. Attorney Lee J. Rohn of the Virgin Islands responded to such a solicitation around 1993 and inquired about using TAB's services. Former TAB president, Joseph J. Gentile, II traveled to the Virgin Islands to meet with Attorney Rohn.

TAB has been providing its services— expert witnesses for civil litigation—to Attorney Rohn on a consistent basis since the 1993 meeting. TAB has provided services in at least ten of Attorney Rohn's cases. TAB has also provided services to four other Virgin Islands' attorneys.

Defendant Joseph Gentile, III, became president of TAB upon his father's retirement. He has never been to the Virgin Islands and owns no property in the Virgin Islands. Gentile, III has had several telephone conversations with Attorney Rohn.

Plaintiff alleges that she entered into an agreement, through Attorney Rohn, for TAB to provide her with an expert witness in her malpractice case. TAB engaged Dr. Kenneth Fawcett to provide Plaintiff with his expert report and to appear at trial. Before trial, Dr. Fawcett notified Plaintiff that he was no longer acting as an expert for TAB. Plaintiff, through Attorney Rohn, wrote to Gentile, III, requesting an explanation or assistance in getting Dr. Fawcett to keep his agreement. When Plaintiff received no response, Attorney Rohn telephoned Gentile, III. According to Attorney Rohn, Gentile, III, "cavalierly said he couldn't do anything about it, didn't care and hung up the phone." Complaint, ¶ 13.

## III. Due Process Analysis

### A. Whether this Court has Personal Jurisdiction over Defendant TAB

■ The fact that TAB is not physically present in the Virgin Islands does not preclude this Court from exercising jurisdiction over it. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). "[P]hysical presence in the forum state is a contact which figures into the analysis," but "has not been regarded as a jurisdictional litmus test." *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1225 (3d Cir.1992). Personal jurisdiction may be premised on TAB's purposeful direction of its activities toward Virgin Islands' residents. *See Burger King Corp.*, 471 U.S. at 474, 105 S.Ct. 2174.

■■ The Court may exercise jurisdiction over a defendant when, as here, the plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). This type of personal jurisdiction

is referred to as specific jurisdiction, and involves a two-part test:

First, the plaintiff must show that the defendant has constitutionally sufficient "minimum contacts" with the forum. Second, for jurisdiction to be exercised the court must determine, in its discretion, that to do so would comport with traditional notions of fair play and substantial justice.

*IMO Industries, Inc. v. Kiekert AG,* 155 F.3d 254, 259 (3d Cir.1998) (citations and quotations omitted).

■ Plaintiff's action arises out of and relates to her counsel's business relationship with TAB and to a contract between her counsel and TAB for TAB to supply her counsel with the service of an expert witness in Plaintiff's case—the contract that Plaintiff charges TAB with breaching. "The fact that a non-resident has contracted with a resident of the forum state is not, by itself, sufficient to justify personal jurisdiction over the nonresident. The requisite contacts, however, may be supplied by the terms of the agreement, the place and character of prior negotiations, contemplated future consequences, or the course of dealings between the parties." *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino,* 960 F.2d 1217, 1223 (3d Cir.1992). "[P]arties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities." *Burger King Corp.,* 471 U.S. at 473, 105 S.Ct. 2174 (quotation omitted).

Here, there is more than just an isolated contract between Plaintiff's counsel and TAB regarding services for Plaintiff's case. TAB initiated a business relationship with Plaintiff's counsel through a mail solicitation. It sent its former president to the Virgin Islands to establish a business relationship with Plaintiff's counsel. As a result of TAB's contacting Plaintiff's counsel, TAB has been doing business with Plaintiff's counsel for a number of years. In furtherance of its agreement to provide Plaintiff with the services of an expert witness, TAB has corresponded with Plaintiff's counsel, provided Plaintiff with an expert report, and billed Plaintiff's counsel for such service.

■ "[W]here the defendant deliberately has engaged in significant activities within a State, or has created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Burger King Corp.,* 471 U.S. at 475–476, 105 S.Ct. 2174 (1985) (citations and quotations omitted). Because TAB has created continuing obligations between itself and Virgin Islands residents, including Plaintiff and her counsel, it is not unreasonable to require TAB to submit to the burden of litigating in the Virgin Islands.

■ It is not enough that TAB has minimum contacts with the Virgin Islands; the exercise of personal jurisdiction must not offend traditional notions of fair play and substantial justice. *Pennzoil Products Co.,* 149 F.3d at 205.

Fairness factors include: the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.

*Id.* at 205–06 (quotation omitted).

The burden is squarely on TAB to show that the assertion of jurisdiction would be

improper. *Mellon Bank (East) PSFS, Nat. Ass'n,* 960 F.2d at 1226. TAB has not argued or presented any evidence to show that it would be difficult for it to litigate in the Virgin Islands. TAB is not being forced to defend itself across national borders as in *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County,* 480 U.S. 102, 114, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). *See Mesalic v. Fiberfloat Corp.,* 897 F.2d 696, 701 (3d Cir.1990). Even if it were more difficult for TAB to litigate this case in the Virgin Islands as compared to Missouri, the proper means to resolve the competing forum preference would be through a motion for change of venue pursuant to 28 U.S.C. § 1404(a). *Id.*

The Virgin Islands, like every other jurisdiction, "has a manifest interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." *Burger King Corp.,* 471 U.S. at 473, 105 S.Ct. 2174 (quotation omitted). Moreover, because TAB has "purposefully derive[d] benefit" from its Virgin Islands activities, "it may well be unfair to allow [it] to escape having to account ... for consequences that arise proximately from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed." *Id.* at 473–74, 105 S.Ct. 2174 (citation omitted). Finally, TAB should not be heard to claim that it is burdensome for it to defend itself in the Virgin Islands, when it does not find it too burdensome to engage in economic activity in the Virgin Islands. *See id.* at 474, 105 S.Ct. 2174. Thus, the Court finds that its exercise of personal jurisdiction over TAB would not contravene traditional notions of fair play and substantial justice. Both inquiries of the specific jurisdiction analysis are satisfied. Because the Court has specific jurisdiction over TAB, it need not reach the question of its general jurisdiction. *See Stanton v. Hyatt Corp.,* 1999 WL 293716, *2 (D.Vi., Apr. 29, 1999). Accordingly, the Court finds that its exercise of personal jurisdiction over Defendant TAB is constitutional.

### B. Whether this Court has Personal Jurisdiction over Gentile, III

As a general rule when a defendant's contacts with a jurisdiction occur only in the defendant's corporate capacity, there is no basis upon which the defendant can be subject to jurisdiction as an individual. *See, e.g., D & S Screen Fund II v. Ferrari,* 174 F.Supp.2d 343, 347 (E.D.Pa. 2001). However, because a corporate officer who engages in tortious conduct in his or her corporate capacity may be held personally liable, the Court can exercise personal jurisdiction over a corporate officer when the officer is charged with tortious conduct for which he or she could be held personally liable, and the exercise of such jurisdiction would not violate the due process clause. *See id.* The Court may also exercise personal jurisdiction over a corporate officer when there is a basis for piercing the corporate veil. *See PSC Professional Services Group, Inc. v. American Digital Systems, Inc.,* 555 F.Supp. 788, 792, n. 5 (E.D.Pa.1983).

Plaintiff's Complaint sounds in contract, not tort. Plaintiff does not specifically allege that Gentile III committed any tortious acts in his capacity as president of TAB or individually. Plaintiff has presented no argument or evidence that would warrant piercing the corporate veil. Thus, no exception applies to the rule that the Court lacks personal jurisdiction over a defendant when the defendant's contacts with the jurisdiction occur only in the defendant's corporate capacity. Accordingly,

the Court finds that it has no personal jurisdiction over Defendant Gentile, III.

## IV. CONCLUSION

For the foregoing reasons, the Court holds that the reach of the Virgin Islands' long-arm statute is coextensive with the maximum reach of the due process clause of the Fourteenth Amendment. The Court finds that its exercise of personal jurisdiction over the Defendant Technical Assistance Bureau, Inc. does not violate the due process clause, but that its exercise of personal jurisdiction over Defendant Joseph Gentile, III would violate Defendant Gentile, III's right to due process under the Fourteenth Amendment.

## ORDER

THIS MATTER comes before the Court on Defendants' Motions to Dismiss for lack of personal jurisdiction. A hearing was held on such motions on Wednesday, April 9, 2003. For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that Defendant Joseph J. Gentile, III's Motion to Dismiss for lack of personal jurisdiction, Docket Item 69, is **GRANTED**; and Defendant Technical Assistance Bureau, Inc.'s Motion to Dismiss for lack of personal jurisdiction, Docket Item 71, is **DENIED**.